IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KATRINA DITTO,**　　　　　　　　　　　　　　　　　　08-CV-1016-BR

　　　　**Plaintiff,**　　　　　　　　　　　　　　　　OPINION AND ORDER

**v.**

**MICHAEL J. ASTRUE,**
**Commissioner of Social**
**Security,**

　　　　**Defendant.**


**TIM WILBORN**
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, OR  97045
(503) 632-1120

　　　　Attorney for Plaintiff

**KENT ROBINSON**
Acting United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**DAVID J. BURDETT**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

       Attorneys for Defendant


**BROWN, Judge.**

    Plaintiff Katrina Ditto seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


### ADMINISTRATIVE HISTORY

    Plaintiff filed an application for DIB on October 27, 2001, alleging a disability onset date of November 2, 1998. Tr. 45-47.[1]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a

---

    [1] Citations to the official transcript of record filed by the Commissioner on February 19, 2009, are referred to as "Tr."

2 - OPINION AND ORDER

hearing on March 30, 2005. Tr. 200. At the hearing, Plaintiff was represented by a disability representative. Plaintiff, her husband John Treber, and a vocational expert (VE) testified.

The ALJ issued a decision on June 24, 2005, in which he found Plaintiff was not entitled to benefits. Tr. 14-20. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on September 28, 2005, when the Appeals Council denied Plaintiff's request for review. Plaintiff appealed the decision of the Commissioner to this Court.

On January 17, 2007, Magistrate Judge Thomas Coffin issued an Order for Remand in which he remanded the matter for further proceedings and directed the ALJ to "further evaluate all medical opinions of record as well as the claimant's testimony, and reconsider whether Plaintiff meets or equals Listing 11.12. If necessary, medical and vocational expert testimony will be taken." Tr. 262-63.

On remand the ALJ conducted a new hearing on December 7, 2007, at which Plaintiff and a VE testified. The ALJ issued a decision on February 8, 2008, in which he found Plaintiff was not disabled before her June 30, 2001, date last insured and, therefore, is not entitled to benefits. Tr. 237-46. The ALJ's decision became the final decision of the Commissioner on June 27, 2008, when the Appeals Council denied Plaintiff's request for

3 - OPINION AND ORDER

review.  Tr. 227-29.

## BACKGROUND

Plaintiff was born on September 29, 1975; was 25 years old on June 30, 2001, the date her insured status expired; was 29 years old at the time of the first hearing; and was 32 at the time of the second hearing.  Tr. 45, 200, 290.  Plaintiff completed high school and trade school.  Tr. 205.  Plaintiff has past relevant work experience as a medical-records clerk, fast-food service manager, and forest firefighter.  Tr. 222.

Plaintiff alleges disability due to myasthenia gravis, hypothyroidism, obesity, and diplopia.  Tr. 239.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 239-42.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to

4 - OPINION AND ORDER

last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins*, 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.

5 - OPINION AND ORDER

2006).

**DISABILITY ANALYSIS**

**I.   The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(iii).  The criteria for the listed impairments,

6 - OPINION AND ORDER

known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC.  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Soc. Sec. Ruling (SSR) 96-8p.  A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine

7 - OPINION AND ORDER

whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

On remand at Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from her November 2, 1998, onset date to her June 30, 2001, date last insured.  Tr. 239.

At Step Two, the ALJ found Plaintiff had the severe impairments of myasthenia gravis, hypothyroidism, and obesity. Tr. 239.  The ALJ found Plaintiff's diplopia was not severe. Tr. 239.

At Step Three, the ALJ concluded that through her date last insured Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20

8 - OPINION AND ORDER

C.F.R. part 404, subpart P, appendix 1. Tr. 240. The ALJ found that through her date last insured Plaintiff had the RFC to perform sedentary to light work "which accommodates her fatigue." Tr. 242. The ALJ found Plaintiff was precluded from doing tasks that "requir[e] fine vision" or "more than occasional 1/3 of a work day upward gazing." Tr. 242. In addition, the ALJ found Plaintiff is limited to climbing stairs occasionally and prohibited from climbing ladders, ropes, and scaffolds. Tr. 242.

At Step Four, the ALJ found through her date last insured Plaintiff was capable of performing her past relevant work as a medical-records clerk as it is generally performed in the economy. Tr. 244.

At Step Five, the ALJ found even if Plaintiff could not perform her past relevant work as a medical-records clerk, she could perform jobs that existed in significant numbers in the national economy before June 30, 2001. Tr. 245. Accordingly, the ALJ found Plaintiff was not disabled before her June 30, 2001, date last insured.

## DISCUSSION

Plaintiff contends the ALJ erred when he found Plaintiff was not disabled before her June 30, 2001, date last insured because the ALJ (1) improperly concluded at Step Two that Plaintiff's diplopia was not a severe condition, (2) improperly rejected

9 - OPINION AND ORDER

Plaintiff's testimony, (3) improperly rejected the lay-witness statements of Plaintiff's mother and husband, (4) posed an insufficient hypothetical to the VE at Step Five, and (5) failed to call a medical expert at the second hearing.

**I.   The ALJ did not err at Step Two.**

Plaintiff asserts the ALJ erred at Step Two when he did not find Plaintiff's alleged impairment of diplopia to be severe.

As noted, at Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. § 404.1521(a).  *See also Ukolov*, 420 F.3d at 1003.  The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(a), (b).  Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting.  *Id.*

Here the ALJ found Plaintiff's diplopia was not severe.  The

10 - OPINION AND ORDER

ALJ noted Deborah Syna, M.D., reported Plaintiff had "some diplopia in upgaze and looking to the left" in July 2000. Tr. 152. In May 2000, Dr. Syna noted Plaintiff had diplopia in upgaze. Tr. 157. In June 2000, Dr. Syna noted Plaintiff had "mild diplopia" when Plaintiff took proper doses of Mestinon. Tr. 154. In November 2001, after Plaintiff's date last insured, Karen V. Potampa, R.N., reported Plaintiff "on prolonged upgaze at one minute . . . develops a little diplopia." Tr. 171. The ALJ also noted Plaintiff's husband testified she drove long distances over Mount Hood to Portland and drove their child to school and to Little League practice despite her diplopia. Tr. 242.

On this record, the Court concludes the ALJ did not err when he found Plaintiff's diplopia to be nonsevere before her date last insured because the ALJ provided legally sufficient reasons supported by the record for doing so.

**II. The ALJ did not err when he rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to give specific reasons supported by the record for rejecting Plaintiff's testimony.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment

11 - OPINION AND ORDER

or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

At the second hearing, Plaintiff testified that during the relevant period she quit her job as a medical-records clerk due to fatigue, difficulty lifting 40-pound filing boxes, and two absences per month.  Tr. 241, 303-04.

The ALJ determined Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms was not fully credible as to her condition before her June 20, 2001, date last insured.  The ALJ noted the medical records for the relevant period show Plaintiff's impairments were well controlled with medication.  In addition, Plaintiff testified her

12 - OPINION AND ORDER

medications had not changed since the relevant period and Richard Koller, M.D., noted Plaintiff's impairments were under "excellent control" with medication after the relevant period.  Tr. 194. The ALJ also referenced Dr. Koller's note that Plaintiff's muscle strength and tone were 5/5 in all major muscle groups.  Tr. 154. In addition, the ALJ noted Plaintiff was caring for her young child during the relevant period, and she elected not to take immuno-suppressive medication due to her desire to become pregnant.  Tr. 240.

Based on this record, the Court finds the ALJ did not err when he rejected Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms because the ALJ provided legally sufficient reasons based on substantial evidence in the record for doing so.

**III. The ALJ did not err when he rejected lay-witness testimony.**

Plaintiff contends the ALJ erred when he rejected the lay-witness testimony of Plaintiff's mother, Rose Marie Ditto, and Plaintiff's husband, John Treber.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a

13 - OPINION AND ORDER

claimant's disability, must give full consideration to the testimony of friends and family members.").

### A.  Rose Marie Ditto

The ALJ "accord[ed] significant evidentiary weight" to Rose Marie Ditto's testimony that during the relevant period Plaintiff drove her son to and from school, drove between Madras and St. Helens to see family members two to three times per month, cooked family meals, did laundry, shopped for groceries, occasionally gardened and did needlework, read magazines and books, and watched eight hours of television per day.  Tr. 241, 76-87.  The ALJ also credited Rose Marie Ditto's testimony that Plaintiff is helped by medication, which prevents double vision and weakness when she takes it regularly.  Tr. 241.  The ALJ, however, did not agree with Rose Marie Ditto's conclusion that Plaintiff was disabled because she could not do these activities and also work because that "is not the criteria for disability." Tr. 241.

On this record, the Court concludes the ALJ did not err when he partially rejected Rose Marie Ditto's testimony because he considered her testimony and gave reasons germane to the witness for rejecting portions of it.

### B.  John Treber

At the first hearing, Treber testified that during the relevant period he would have to carry his young son because

14 - OPINION AND ORDER

Plaintiff could carry him for only short periods.  Treber also testified Plaintiff's energy levels "weren't the same" after she had thyroid surgery.  Tr. 216.  The balance of Treber's testimony concerned Plaintiff's condition at the time of the hearing, which was four years after her date last insured.

The ALJ gave "little weight" to Treber's testimony because it was contradicted by Rose Marie Ditto's testimony as well as the medical record and the majority of his testimony concerned Plaintiff's condition in 2005, which was four years after her date last insured.

On this record, the Court concludes the ALJ did not err when he rejected Treber's testimony because the ALJ properly considered Treber's testimony and gave reasons germane to the witness for giving his testimony "little weight."

**IV.   The ALJ posed a sufficient hypothetical to the VE.**

At Step Five, the Commissioner must show the claimant can do other work that exists in the national economy.  *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).  The Commissioner can satisfy this burden by eliciting the testimony of a VE with a hypothetical question that sets forth all of the limitations of the claimant.  *Id.*  The hypothetical posed to a VE must only include those limitations supported by substantial evidence in the record.  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 883, 866 (9th Cir. 2006).

15 - OPINION AND ORDER

Plaintiff contends the ALJ did not pose a sufficient hypothetical to the VE because the ALJ failed to include Plaintiff's limitations as described by Plaintiff and the lay witnesses. Because the Court has found the ALJ properly considered the testimony of Rose Marie Ditto, properly rejected the testimony of Treber, and properly rejected Plaintiff's testimony, the Court concludes the ALJ did not err when he did not include in the hypothetical posed to the VE the limitations of Plaintiff as described in that testimony.

**V.   The ALJ did not err when he failed to call a medical expert at the second hearing or to recontact David Schloesser, M.D.**

Plaintiff contends the ALJ erred when he failed to call a medical expert at the second hearing or to recontact Dr. Schloesser. The Court, however, required the ALJ to call a medical expert or recontact Dr. Schloesser on remand only if necessary. Plaintiff asserts calling a medical expert or recontacting Dr. Schloesser was necessary to evaluate properly whether Plaintiff had full strength when tested against resistance. As the ALJ noted, however, the record reflects Dr. Koller performed a medical examination of Plaintiff in which he tested her against resistance and found she had normal strength. Tr. 191-95. Thus, the ALJ was not required to call a medical expert or to recontact Dr. Schloesser.

On this record, the Court concludes the ALJ did not err when he did not call a medical expert or when he declined to recontact

16 - OPINION AND ORDER

Dr. Schloesser.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 17th day of November, 2009.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER